

**FILED**

MAR 0 5 2012

PATRICK E. DUFFY, CLERK
By_____
DEPUTY CLERK, MISSOULA

## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF MONTANA

## BILLINGS DIVISION

| | | |
|---|---|---|
| RODNEY O. SKURDAL, | ) | Cause No. CV 12-32-BLG-DWM |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | ORDER |
| | ) | |
| COMMISSIONER OF INTERNAL | ) | |
| REVENUE, | ) | |
| | ) | |
| Defendant. | ) | |

On February 29, 2012, Plaintiff and self-styled "Suitor" Rodney Owen Skurdal

submitted a "Notice of Removal," purporting to open a "Miscellaneous Case" by

removing "an Independent Action," "into Suitors 'one supreme Court', Article III, §

1; from the US Tax Court, Case Number 20448 11L, now under Suitor's Docket

Number: 12-Civ-001-ROS." Notice at 1 (emphasis in original). With the "Notice,"

Skurdal attempted to tender the filing fee for a miscellaneous case. Staff in the

Clerk's Office did not understand Skurdal's submission and generously declined to

1

accept his money because its expenditure could not do Skurdal any good. He was advised to await a decision as to how the documents would be handled.

Skurdal's documents appear to relate to his recently-dismissed action in the United States Tax Court. *See* Order (doc. 7) at 2, *Skurdal v. Commissioner*, No. 020448-11 L (T.C. Jan. 13, 2012), *available at* http://www.ustaxcourt.gov/docket.htm (accessed Mar. 2, 2012). Whatever Skurdal is trying to accomplish, it cannot be done under the removal statute. Removal jurisdiction under 28 U.S.C. § 1441 does not exist for actions originating in the Tax Court, and it is not available to the party that initiated an action there.

Because of Skurdal's removal attempts, it is clear that he is not talking about filing a miscellaneous civil case. A miscellaneous civil case activates the Court's jurisdiction to enable the execution of ministerial matters. While Skurdal claims to do just that – he seeks to "execut[e] the newly established law between Rodney Owen Skurdal and the Commissioner," Notice at 1 – using the word "execute" is not enough. If, by "newly established law," Skurdal means a judgment, he would have to produce a certified document from a recognizable court of competent jurisdiction as a condition precedent to executing it under the auspices of this Court. He has not done that. This filing is not a miscellaneous case.

The Clerk's Office has been directed to file Skurdal's "Notice" as if it were a

2

complaint initiating a civil action. The "Notice" is not accompanied by either the $350.00 filing fee or a motion to proceed in forma pauperis, 28 U.S.C. §§ 1914 and 1915. Even following that procedure would be futile. The "Notice" is frivolous, it can't be made non-frivolous, so it is dismissed.

Skurdal's document purporting to appoint the Clerk of this Court as the clerk of his court is silly as well as groundless.

Accordingly, IT IS HEREBY ORDERED that this action, including all documents filed within it, is DISMISSED AS FRIVOLOUS.

IT IS FURTHER ORDERED that no further actions or documents, other than a notice of appeal, will be accepted for filing in this case.

IT IS FURTHER ORDERED that no further documents will be accepted from Skurdal for filing unless he:

(1)    files the document in the criminal case, No. CR 95-117-BLG; or

(2)    submits, together at the same time with all documents by which he intends to initiate one action, either:

   (A)    the full filing fee of $350.00 for a civil action, subject to partial refund if his action turns out to be a miscellaneous case; or

   (B)    submits, together at the same time with any documents intended to initiate one action, a completed Form AO-239, "Application to Proceed in District Court Without Prepaying Fees or Costs (Long Form)." The long form is

3

required because it solicits the same information as the short form but does so by asking more precise questions.

DATED this _____ day of March, 2012.

Donald W. Molloy, District Judge
United States District Court

4